UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TREVIN NUNNALLY, SR.,

    Plaintiff,

v.                                                                                    Case No. 3:17cv761-LC-CJK

U.S. MAGISTRATE JUDGE
ELIZABETH TIMOTHY, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's civil rights complaint filed under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff is suing United States Magistrate Judge Elizabeth Timothy and the Chief Justice of the Judicial Conference of the United States, for false arrest in violation of the Fourth and Fifth Amendments. (Doc. 1). The matter is referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). Upon consideration, the undersigned concludes that although this case could be dismissed without prejudice for plaintiff's failure to comply with a court order, *see* N.D. Fla. Loc. R. 41.1, the more appropriate disposition is to dismiss this action with prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER

Plaintiff, a federal prisoner proceeding *pro se*, initiated this action on October 18, 2017, by filing his *Bivens* complaint. (Doc. 1). Plaintiff moved to proceed *in forma pauperis* (doc. 2), and, on November 17, 2017, the court granted his motion and assessed an initial partial filing fee of $156.00, to be paid within 30 days. (Doc. 4). Plaintiff was warned that failure to submit the initial partial payment would result in dismissal of this case. (*Id.*). After plaintiff failed to pay the initial partial fee, a show cause order issued on January 5, 2018, requiring him to respond within 14 days. (Doc. 5). Plaintiff was warned that failure to respond would result in dismissal of this case. (*Id.*). Plaintiff failed to respond and, on February 14, 2018, the undersigned issued a recommendation that this case be dismissed without prejudice for plaintiff's failure to comply with the November 17, 2017, order. (Doc. 7).

In response, plaintiff filed a notice dated March 5, 2018, in which he explained that he did not timely receive court orders due to several prison transfers between November 24, 2017, and March 1, 2018. (Doc. 11, p. 1). Plaintiff expressed his continued interest in this case and requested an extension of time – 30 days from the court's receipt of his notice – to pay the initial partial filing fee. (*Id.*). On March 15, 2018, the undersigned granted plaintiff's request, vacated the Report and Recommendation, and gave plaintiff 30 days to pay the $156.00 initial partial

filing fee. (Doc. 12). The court warned plaintiff, again, that failure to submit the payment would result in dismissal of this case. (Doc. 12). Plaintiff's deadline expired on April 16, 2018, with no payment.

On April 30, 2018, the court issued another show cause order requiring plaintiff's response within 14 days. That deadline passed with no response. This case is subject to dismissal for plaintiff's failure to comply with a court order. *See* N.D. Fla. Loc. R. 41.1.

Despite plaintiff's noncompliance, the undersigned conducted a preliminary screening of plaintiff's complaint. Upon review, the court finds it is more appropriate to dismiss this case **with prejudice** under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), based on absolute judicial immunity.

## DEFENDANTS' ABSOLUTE IMMUNITY

Because plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure

12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  To avoid a Rule 12(b)(6) dismissal, a complaint "must contain sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A complaint may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).  In reviewing the complaint, the court accepts all well-pleaded factual allegations as true and construes them in the light most favorable to the plaintiff.  *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012). *Pro se* pleadings are construed more liberally than those drafted by attorneys.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

Plaintiff is suing two federal judges on a claim of false arrest.  Plaintiff alleges that Magistrate Judge Timothy "illegally" issued a warrant for his arrest "without probable cause supported by oath or affirmation in an affidavit from a federal agent".  (Doc. 1, Attach.).  Plaintiff alleges that the Chief Justice of the Judicial Conference "has authority & supervision over District Ct. Magistrate Judges".  (*Id*.).  The exhibits attached to plaintiff's complaint include the arrest warrant at issue and the

docket sheet of plaintiff's criminal case. These exhibits confirm that the basis for the arrest warrant was plaintiff's indictment for the offense for which he was convicted and is now incarcerated. (Doc. 1, Ex.). Plaintiff now seeks, through this lawsuit, "to remove the illegal arrest warrant that caused the plaintiff's incarceration & award the plaintiff $505.50 in punitive damages to deter the conduct of the defendants." (Doc. 1, p. 4).

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). A judge acts in the "clear absence of all jurisdiction" when the matter on which she acts is clearly outside of the subject matter jurisdiction of the court over which she presides. *See Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985). Whether a judge acted in her judicial capacity depends on: (1) whether the challenged actions constituted normal judicial functions; (2) whether the events occurred in chambers or open court; (3) whether the controversy involved a pending case; and (4) whether the confrontation arose immediately out of a visit to the judge in her judicial capacity. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Absolute judicial immunity applies even when the judge's acts are in error, malicious, or were in excess of his

or her jurisdiction." *Bolin*, 225 F.3d at 1239 (*citing Stump*, 435 U.S. at 356). Absolute judicial immunity applies to federal judges regardless of whether the suit is for damages, for injunctive and declaratory relief, or both. *See Bolin, supra*.

The complaint's allegations and attachments demonstrate that Magistrate Judge Timothy was acting in her judicial capacity when she issued the arrest warrant. Neither she nor the Chief Justice of the Judicial Conference are subject to suit for plaintiff's alleged false arrest.

Accordingly, it is respectfully RECOMMENDED:

1.  That this action be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted (defendants' entitlement to absolute immunity).

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of June, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.